UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID SIMS** | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:10-0057 |
| | ] | Judge Campbell |
| **TENNESSEE BOARD OF PAROLES,** | ] | |
| **et al.** | ] | |
| Defendants. | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Board of Paroles and its members, seeking an early release from custody.

On June 22, 2009, the defendants denied the plaintiff's application for parole. The plaintiff claims that the defendants' "decision acted, illegal, arbitrarily, capriciously and with prejudice in refusing to grant him parole." Docket Entry No.1 at pg.8.

Parole decisions bear directly upon the length or duration of a prisoner's incarceration. Thus, when a state prisoner seeks an immediate or speedier release from custody by challenging a specific decision denying him parole, he must pursue his claims in an action for federal habeas corpus relief under 28 U.S.C. § 2254. Preiser v. Rodriquez, 411 U.S. 475 1973); *see also* Heck v.

Humphrey, 512 U.S. 477 (1994).

Given the liberal standard of review for *pro se* pleadings, this Court could convert plaintiff's 42 U.S.C. § 1983 complaint to a habeas corpus petition. Haines v. Kerner, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas corpus petition that is not supplied in a 42 U.S.C. § 1983 complaint. *see* Rules Governing § 2254 Cases. In addition, a habeas corpus petitioner is required to exhaust state court remedies before seeking relief in the federal courts. Rose v. Lundy, 455 U.S. 509 (1982). In this regard, there has been no showing that the plaintiff has ever presented his claim to the state courts for review prior to the filing of this complaint. Therefore, it would not be appropriate for the Court to treat the instant complaint as a § 2254 petition.

Upon careful review of the complaint, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Consequently, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge